UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROMULO ESTRADA, et al., | Case No. 5:14-cv-03937-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | **(Re: Docket No. 25)** |
| Defendants. | |

In a dispute about overtime pay, Defendant United States Postal Service moves to dismiss counts 1, 2 and 4 of Plaintiffs Romulo Estrada, Arellano Aspiras, Jr., Romelia Mejia and Maricor Teano's second amended complaint. Because the court finds that Plaintiffs' claims fail as a matter of law, USPS's motion is GRANTED, but with limited leave to amend.

**I.**

This case is about a group of USPS employees who allege that they were denied overtime pay in contravention of the Fair Labor Standards Act. Plaintiffs were employed as customer service supervisors with USPS in Mountain View, California[1] and were classified as Executive and Administrative Schedule (EAS)–17 employees for compensation purposes.[2] Plaintiffs were required to work daily in excess of eight hours, instructed to work "off the clock" before and after the scheduled shifts ("on average approximately 90 'off-the-clock' minutes per day"), directed to

---

[1] Docket No. 22 at ¶ 8

[2] *See* Docket No. 22-1 at 25, 29, 33, 36.

1

Case No. 5:14-cv-03937-PSG
ORDER GRANTING MOTION TO DISMISS

1  submit false time records and were not paid for all hours worked.[3]  Plaintiffs allege that they were

2  threatened with termination if they did not comply and such conduct caused stress that forced

3  Plaintiffs to retire early.[4]

4        This suit followed.  In March 2015, Plaintiffs filed a second amended complaint, naming

5  USPS as the sole defendant.[5]  The complaint alleges: (1) failure to pay overtime wages in violation

6  of the Fair Labor Standards Act; (2) breach of contract; (3) denial of benefits under the Family and

7  Medical Leave Act and (4) violations of the Postal Reorganization Act, the Civil Services Reform

8  Act and the Federal Tort Claims Act.[6]  USPS now moves to dismiss counts 1, 2 and 4.[7]

**II.**

10        This court has subject matter jurisdiction under 28 U.S.C. § 1331.  The parties further

11  consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and

12  Fed. R. Civ. P. 72(a).

13        Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal

14  theory or the absence of sufficient facts alleged under a cognizable legal theory."[8]  If a plaintiff

15  fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint

16  may be dismissed for failure to state a claim upon which relief may be granted.[9]  A claim is facially

17  plausible "when the pleaded factual content allows the court to draw the reasonable inference that

18  the defendant is liable for the misconduct alleged."[10]

---

[3] *See* Docket No. 22 at ¶¶ 11, 13-20, 22.

[4] *Id.* at ¶¶ 11, 24-25.

[5] Docket No. 22.  Because Plaintiffs' SAC only names USPS as a defendant, the only plausible understanding is that Plaintiffs' allegations directed at Yoginder Singal fall within USPS's alleged liability.

[6] *See id*.

[7] In their opposition brief, Plaintiffs expressly do not oppose dismissal of count 4.  Plaintiffs also fail to address any argument as to count 2.  As a result, counts 2 and 4 are DISMISSED as unopposed.

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

2
Case No. 5:14-cv-03937-PSG
ORDER GRANTING MOTION TO DISMISS

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[12] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[13]

### III.

Under the FLSA, some—but not all—employees must be paid a premium rate for hours worked in excess of 40 hours per week.[14] The FLSA exempts certain employees from the overtime pay requirement, including those "employed in a bona fide executive, administrative, or professional capacity."[15]

The central dispute here is one of statutory interpretation. It is undisputed that Plaintiffs hold EAS-17 positions,[16] rendering them "special exempt" employees under the Employee and Labor Relations Manual. "Special exempt" employees are "career employees who are exempt from the Fair Labor Standards Act (FLSA) provisions, whose permanent assignments are to EAS-15 through EAS-18 positions, and who directly supervise two or more equivalent bargaining unit employees in production operations."[17] Relying on an ELM chart, Plaintiffs argue that while they are "special exempt" employees, they are still entitled under the FLSA to be paid additional straight-time pay for hours worked in excess of forty hours in individual work weeks.[18] But this

---

[11] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id.*

[13] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[14] *See* U.S.C. § 207.

[15] *See* U.S.C. § 213(a)(1).

[16] *See* Docket No. 22-1 at 25, 29, 33, 36.

[17] ELM § 432.112(a)(2). The ELM is available online at https://about.usps.com/manuals/elm/html/welcome.htm. The ELM is part of the Postal Service's regulations. *See* 39 C.F.R. § 211.2(a)(2).

[18] *See* ELM § 434.141b.

3
Case No. 5:14-cv-03937-PSG
ORDER GRANTING MOTION TO DISMISS

interpretation is contradicted by the clear statutory language stating otherwise.  At most, the ELM chart indicates that Plaintiffs may be eligible for FLSA overtime compensation if not otherwise made ineligible.  This does not leave Plaintiffs without a remedy.  While the statutory language makes clear that the ELM expressly excludes "special exempt" employees from receiving FLSA overtime compensation, the regulatory scheme provides an alternative mechanism for additional pay—it merely falls outside of the FLSA.[19]  Consistent with canons of statutory construction, application of the FLSA to these "special exempt" employees would render this separate "additional pay" mechanism superfluous.[20]  Such an interpretation cannot stand.

## IV.

USPS's motion to dismiss is GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[21]  Because the court cannot yet say that amendment would be futile, leave to amend also is GRANTED.[22]  Any amended pleadings shall be filed no later than July 31, 2015.

**SO ORDERED.**

Dated: July 8, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See* ELM § 434.143 (Eligible for FLSA- Exempt EAS Additional Pay: "FLSA special exempt employees in EAS-18 positions and below are eligible for EAS additional pay if authorized to work over 8.5 hours on a scheduled day or any hours on a nonscheduled day, even while on a temporary assignment such as to an OIC position.").

[20] *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)) (It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.").

[21] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[22] Because counts 2 and 4 are dismissed as unopposed, leave to amend is GRANTED ONLY as to count 1.